**SO ORDERED.**

**SIGNED this 15th day of January, 2019.**



*Dale L. Somers*
Dale L. Somers
United States Chief Bankruptcy Judge
_____

Designated for online use, but not print publication
# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In re:** | |
| **Neighbors Investments, Inc.,** | Case no. 11-21022 |
| Debtor. | Chapter 11 |
| **Neighbors Investments, Inc.,** | |
| Plaintiff, | |
| v. | Adv. no. 18-06062 |
| **David G. Baumgartner and The Bank of Versailles,** | |
| Defendants. | |

**Memorandum Opinion and Order
Granting Debtor's Motion to Remand**

On January 18, 2018, after this voluntary Chapter 11 bankruptcy case had been fully administered and closed, Debtor Neighbors Investments, Inc. (Debtor), on its own behalf and as a 50% member of Gentle Slopes Partners, LLC (GSP), filed a petition in the Circuit Court of Morgan County, Missouri (Petition) against Defendants David G. Baumgartner and the Bank of Versailles (the Bank). On March 1, 2018, Defendants filed a notice of removal of the Petition to the United States District Court. The district court denied Debtor's motion to remand and referred the case to this Court. It has been docketed as adversary case no. 18-6062 (the Removed Case).[1] Debtor moves to remand to state court for lack of subject matter jurisdiction, to remand for mandatory abstention, and to remand for equitable reasons.[2]

For the reasons examined below, the Court grants Debtor's motion for mandatory abstention because the Petition does not state claims or causes of

---

[1] This Court has jurisdiction over the parties and the subject matter by virtue of the Order of United States District Judge Carlos Murguia dated July 23, 2018 transferring this matter to this Court pursuant to the order issued by the United States District Judge Douglas Harpool from the Western District of Missouri. This Court has jurisdiction over bankruptcy proceedings pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure (March 2018).

[2] Doc. 20. Debtor appears by J. Justin Johnston of Johnston Law Firm, LLC. Defendants appear by Todd W. Ruskamp of Shook, Hardy & Bacon, L.L.P.

2

action within the core jurisdiction of this Court.³ Debtor's objection to Defendants' motion to reopen Debtor's bankruptcy case is addressed by a separate memorandum opinion filed in the Chapter 11 case.

I.  **Findings of Fact**

   A.  **The Petition**

According to the state court Petition, since 1991, Debtor has owned a fifty percent interest in GSP, whose purpose was to invest in real estate. Defendant Baumgartner and his wife owned the other fifty percent of GSP. Baumgartner, while president of the Bank, was the day to day managing member of GSP and controlled the funds of GSP at the Bank. Between 2002 and 2011, Baumgartner made unauthorized payments to himself, drew on the GSP line of credit for non-business purposes, and provided inaccurate, incomplete, and deliberately false financial information to Debtor and to an accounting firm preparing GSP's financial statements and tax returns.

---

³ Debtor's arguments in support of remand include the argument that the Court lacks subject matter jurisdiction because Defendants lack standing to reopen the Chapter 11 case. The Court addresses Debtor's objection to reopening by a separate memorandum and opinion filed in the Chapter 11 case denying Defendants' motion to reopen. The Court declines to address the subject matter jurisdictional question. When an adversary proceeding is before this Court because a petition was removed from state court, the controlling jurisdictional issue is whether the removed action is subject to remand. Further, because the Court finds the Removed Case is subject to mandatory remand, there is no need to address whether lack of standing to reopen the bankruptcy case results in lack of subject matter jurisdiction of an adversary proceeding before the Court because of removal.

Baumgartner threatened Debtor that he would "allow Gentle Slopes to be foreclosed upon" if Neighbors did not provide additional cash for GSP projects. In December 2010, Central Bank began foreclosure proceedings against GSP's real property.

On April 12, 2011, Debtor filed for relief under Chapter 11. In September 2011, Baumgartner purchased at foreclosure sales two properties owned by GSP, thereby diverting the assets of GSP to himself and usurping GSP's business opportunities. GSP suffered harm from Baumgartner's breach of fiduciary duty and self-dealing. Baumgartner also committed many negligent acts within the course and scope of his employment as President of Bank that damaged GSP. During the course of the Chapter 11 case, Debtor sought financial records from Defendants. Review of records produced in October 2013 lead to Debtor's discovery of Baumgartner's fraud.

The Petition includes seven counts. They are a mixture of derivative actions brought on behalf of GSP and direct actions by Debtor:

- Count One - derivative action against Baumgartner for an accounting.

- Count Two - direct and derivative action against Baumgartner for breach of fiduciary duty.

- Count Three - direct and derivative action against Baumgartner for fraudulent misrepresentation.

4

- Count Four - direct and derivative action against Baumgartner and the Bank for negligent misrepresentation.

- Count Five - derivative action against Baumgartner for constructive trust.

- Count Six - derivative action against Baumgartner for conversion.

- Count Seven - direct and derivative action against Baumgartner and the Bank for civil conspiracy to breach fiduciary duties.

**B. Debtor's bankruptcy case**

As stated above, Debtor filed a voluntary petition under Chapter 11 on April 12, 2011. The Bank was listed as a secured creditor, but with the value of the collateral less than the debt. Baumgartner was not listed as a creditor, but Marsha and David Baumgartner were listed as codebtors.[4]

Debtor's Schedule B listed as personal property the "claims against various parties as reflected on Schedule B of the Shelly and Mark Neighbors' bankruptcy petition."[5] In turn, the individual Shelly and Mark Neighbors' Schedule B includes "claims against Bank of Versailles and Baumgartners."[6]

Debtor's First Amended Plan of Reorganization, dated June 14, 2012 was confirmed on June 21, 2013.[7] It states the Bank's $45,455.03 claim is

---

[4] Doc. 20.

[5] *Id.* p. 12.

[6] Case no. 11-21003, Doc. 26 p. 14.

[7] Doc. 194.

5

impaired and provides for payment of $35,000, the value of the collateral, in future monthly payments. The plan also provides: "Notwithstanding this anticipated distribution to Bank of Versailles, the Debtor reserves the right to bring an adversary action in this Court or an action in federal district court or state court against Bank of Versailles for various lender liability claims."[8]

On October 14, 2014, Debtor and individual debtors Mark and Shelly Neighbors, pro se, filed an adversary proceeding against Bank.[9] It alleged that on September 7, 2009, GSP held an auction and contracted to sell property for $925,000, that the purchaser provided a non-refundable check for $92,500 drawn on an account at the Bank, that the Bank held the check beyond the midnight deadline before providing notice of dishonor, and that, therefore, the Bank was liable on the check. It also stated a cause of action for negligence and lack of ordinary care by Bank relating to the same check. Debtor and the Neighbors individually submitted extensive discovery requests to the Bank and Baumgartner, some of which gave rise to objections and need for Court supervision.[10] The Court granted the the Bank's motion to dismiss.[11]

---

[8] Doc. 129 p. 3.

[9] Adversary no. 14-6082, Doc. 1.

[10] Case no. 11-21022, Docs. 172 & 173; Case no. 11-21003, Doc. 335.

[11] Adversary no. 14-6082, Doc. 19.

6

A trustee was not appointed, and Debtor continued to operate its business. Debtor's application for final decree, filed on March 8, 2016,[12] recited that the estate was fully administered. The application was granted,[13] and the case was closed on April 26, 2016.

C. **Removal of the Petition**

On March 1, 2018, Defendants filed a notice of removal of the Petition from the Circuit Court of Morgan County, Missouri to the United States District Court for the Western District of Missouri. It relies upon 28 U.S.C. § 1452(a), which provides for removal of civil actions to the district court, if "such district court has jurisdiction of such claim under section 1334 of the section." Section 1334 provides that the district courts have jurisdiction of all cases under title 11. The notice of removal states that upon removal, Defendants will file a motion to reopen Debtor's bankruptcy case. Defendants submit the Petition is properly removed and not subject to remand because the Petition is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (C), (L), and (O) and is also related to Debtor's bankruptcy case within the meaning of 28 U.S.C. § 157(c)(1).

---

[12] Case no. 11-21022, Doc. 323.

[13] *Id.*, Doc. 334.

Debtor moved to remand, and Defendants moved to transfer venue from the Western District of Missouri to Kansas. United States District Judge Douglas Harpool granted Defendants' motion. After briefly discussing bankruptcy court jurisdiction, he stated in part:

> Given the information and briefing presented to the Court on this matter, the Court believes the allegations raised, if factually accurate, could relate to the core proceedings of the previous bankruptcy action. The Court acknowledges that on the information made available to the Court, these claims ultimately could be found to be non-core proceedings based upon the final factual determinations by the Court. The Court finds that the court familiar with the prior bankruptcy case and the underlying facts which supported prior rulings is better positioned to determine whether the claims asserted "arise under" title 11 or could merely "conceivably effect" the bankruptcy case. Thus, transferring the case strikes this Court as the most prudent, efficient, and economical action. If the Bankruptcy Court concludes that these are not core proceedings, the Bankruptcy Court may remand any remaining claims directly to the state courts of Missouri for further proceedings, or it may have the case transferred back to this Court for remand, which ever it deems most appropriate. . . . As the Court finds these are core issues, the Court need not address the question of mandatory abstention under Section 1334(c)(2).
> Neighbors Investments raises another jurisdictional question concerning standing . Neighbors Investments argues the neither Defendant is a "part[y] in interest" under 11 U.S.C. § 350(b), and therefore lack standing to have the bankruptcy case reopened. The Court is skeptical of Defendants' claim of a right to reopen the bankruptcy case. However, the question of whether the Defendants are parties in interest to

reopen a bankruptcy case is a question best resolved by the Bankruptcy Court with jurisdiction over the original case.[14]

The case was therefore transferred to the United States District Court for the District of Kansas.[15] Pursuant to the order issued by Judge Harpool, Judge Carlos Murguia transferred the case to this Court.[16] Defendants filed a motion to reopen the underlying bankruptcy case.[17]

### D. Motions before the Court and positions of the parties

Debtor has filed a motion to remand the Removed Petition under 28 U.S.C. § 1334(c)(2) (mandatory abstention) and 28 U.S.C. § 1452(b) (equitable remand).[18] Debtor argues that the removed claims are state law claims, are not core claims, have no jurisdictional basis, and can be timely adjudicated in state court.[19]

---

[14] Doc. 13.

[15] *Id.*

[16] Doc. 16.

[17] Case no. 11-21022, Doc. 342.

[18] Doc. 20. Debtor also argues that the Court lacks subject matter jurisdiction because Defendants lack standing to reopen Debtor's Chapter 11 case. The Court does not address this issue. See note 3, above.

[19] Doc. 21.

9

Defendants respond with a combined memorandum in opposition to remand and in support of reopening the case.[20] They argue that this Court has jurisdiction because the allegations and the claims in the Removed Petition and the record in this bankruptcy case illustrate that the Removed Case is a core proceeding.

## II. Conclusions of Law

### A. The conditions for mandatory abstention under 28 U.S.C. § 1334(c)(2)

Debtor moved to remand under 28 U.S.C. § 1334(c)(2) (mandatory abstention) and 28 U.S.C. § 1452(b) (equitable remand).[21] Because the Court finds mandatory abstention is required under § 1334(c)(2), it need not address equitable abstention under § 1452(b). Section 1334(c)(2) provides:

> (2) Upon timely motion of a party in a proceedings based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced and can be timely adjudicated in a State forum of appropriate jurisdiction.

---

[20] Doc. 23.

[21] Doc. 20.

The subsection applies in removed actions.[22] Mandatory abstention is applicable when each of the following elements is present: (1) the motion to abstain was timely filed; (2) the action is based on state law; (3) the action was commenced in state court; (4) the action can be timely adjudicated in state court; (5) there is no independent basis for federal jurisdiction other than bankruptcy; and (6) the matter is non-core.[23]

### B. Abstention is required because all of the conditions of 28 U.S.C. § 1334(c)(2) are present

In this case, there is no controversy as to all elements for mandatory abstention except the last. The first element is present. The motion to remand was filed the same day the adversary proceeding was opened. The second and third elements are present. The action is based exclusively on state law, and it was commenced in the Missouri state court. There is no suggestion that the Petition cannot be timely adjudicated in state court or that there is any basis for federal jurisdiction other than bankruptcy. The only dispute is whether the matter is non-core.

#### 1. Bankruptcy Court jurisdiction.

---

[22] *Personnette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764 (10th Cir. BAP 1997).

[23] *Telluride Asset Resolution, LLC v. Telluride Global Dev. (In re Telluride Income Growth LP)*, 364 B.R. 390, 398 (10th Cir. BAP 2007).

11

The notice of removal states that the right to remove exists under 28 U.S.C. § 1452(a), which provides that a claim or cause of action may be removed to district court (generally for referral to bankruptcy court) if jurisdiction over such claims exists under 28 U.S.C. § 1334. In turn, § 1334(a) grants district courts original and exclusive jurisdiction of all cases under title 11, and § 1334(b) provides that district courts shall have original but not exclusive jurisdiction over "all civil proceeding arising under title 11, or arising in or related to cases under title 11." District courts "may provide that . . . any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."[24] The United States District Court for the District of Kansas has referred all such matters to this Court.[25]

Defendants assert that the claims alleged in the Removed Petition are core proceedings. Debtor contends the claims must be remanded because they are not within the Court's core jurisdiction "In general, '[c]ore proceedings are proceedings which have no existence outside of bankruptcy. Actions which do not depend on the bankruptcy laws for their existence and

---

[24] 28 U.S.C. § 157(a).

[25] D. Kan. Standing Rule No. 13-2 *printed in* D. Kan. Rules of Practice and Procedure (March 2018).

12

which could proceed in another court are not core proceedings.'"[26] Core proceedings include matters arising under title 11 and arising in bankruptcy cases.[27] Matters "arise under" Title 11 if they involve a cause of action created or determined by the Bankruptcy Code. Matters "arise in" a bankruptcy case if they concern administration of the bankruptcy case and have no existence outside of bankruptcy.[28] A non-exclusive list of core proceedings is codified at 28 U.S.C. 157(b)(2).

Core proceedings do not include claims within the "related to" jurisdiction of the bankruptcy court. "A proceeding is 'related to' a bankruptcy case if it could have been commenced in federal or state court independently of the bankruptcy case, but the 'outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy."[29] Examples of related to proceedings are a cause of action owned by the debtor which is property of the estate and suits between third parties that have an effect on the bankruptcy case.[30]

---

[26] *In re Johnson*, 575 F.3d 1079, 1082 (10th Cir. 2009) (quoting *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990)).

[27] *In re Midgard Corp.*, 204 B.R. at 771.

[28] *Id.*

[29] *Id.*(quoting *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990).

[30] *Id.*

13

"Bankruptcy removal jurisdiction is subject to the well-pleaded complaint rule."[31] Under that rule, the court considers whether the plaintiff's statement of the case, unaided by anticipated defenses, states a claim within the federal court's jurisdiction.[32] "[T]he defendant's assertion of a federal defense is not sufficient to make the case arise under federal law."[33]

### 2. The allegations of the Removed Petition are not core proceedings

The claims asserted in the Removed Petition are not core proceedings. All of them are state law tort claims. Debtor has not alleged any causes of action arising under the Bankruptcy Code or arising in Debtor's bankruptcy case.

The fact that the plaintiff is a former debtor alleging claims arising from pre-bankruptcy events does not mean that the Removed Case is a core proceeding. Subsection (c) of 11 U.S.C. § 554 provides that "[u]nless the court orders otherwise any property scheduled under section 521(a) of this title and not administered at the time of the closing of a case is abandoned to the debtor." Debtor's claims against Baumgartners and the Bank were scheduled

---

[31] 16 Moore's Federal Practice - Civil ¶ 107.106 (2018); *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) ("Ordinarily, determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule.").

[32] *Aetna Health Inc.*, 542 U.S. at 207.

[33] *Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1061 (10th Cir. 2006).

on Debtor's Schedule B filed in the Chapter 11 case and, except for a narrow claim concerning the handling of a single check, were not administered before the case was closed. The causes of action alleged in the Removed Petition are therefore not property of Debtor's bankruptcy estate, and Debtor, not its bankruptcy creditors, would be entitled to any recovery. If, as Debtor argues, under Missouri law Debtor is not the real party in interest with respect to the derivative claims asserted on behalf of GSP, such claims would not be property of the estate even if not scheduled and not administered. This would be another reason to find such claims to be non-core.

Defendants' arguments that the Removed Petition alleges core proceedings is based upon a misguided understanding of the nature of a core proceeding. Contrary to Defendants' argument, the inclusion in the Removed Petition of the allegations that Baumgartner's conduct "caused Neighbors Investments' debts to be overstated in its Chapter 11 bankruptcy proceeding" does not change the state law torts into a core proceeding. The statement is simply an allegation of fact. Debtor is not alleging it is entitled to a remedy under the Bankruptcy Code. The remedy sought is damages under state law. Objecting to an overstated proof of claim under 11 U.S.C. § 502 would be a core proceeding, but Debtor is not doing so.

Likewise, the similarity of Debtor's allegations in the Removed Petition of irregular or incomplete document production to contentions made during the Chapter 11 bankruptcy case, does not give rise to a core proceeding. In the Removed Petition, Debtor is not asserting a cause of action to compel production or for imposition of discovery sanctions. Unlike *Mullarkey*,[34] on which Defendants rely, Debtor's Petition does not allege fraud implicating the integrity of the bankruptcy process.

Defendants wrongfully argue that defense of res judicata and the alleged rejection of the GSP operating agreement during the Chapter 11 bankruptcy case are reasons to find that the Removed Petition alleges core proceedings. As stated above, whether the Removed Petition alleges causes of action within the core jurisdiction of this Court is determined from the allegation of the Removed Petition, not any anticipated defenses, even if those defenses arise under bankruptcy law.

### III. Conclusion

For the foregoing reasons, pursuant to 28 U.S.C. § 1334(c)(2), the Court grants Debtor's motion to remand the Removed Petition to the Circuit Court of Morgan County, Missouri.

**It is so Ordered.**

---

[34] *In re Mullarkey*, 536 F.3d 215, 224 (3rd Cir. 2008).

###

17